**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4494**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KENDALL R. JONES,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:04-cr-00392-RLW-1)

Submitted:  March 18, 2010              Decided:  May 13, 2010

Before MICHAEL,[1] MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

     [1] Judge Michael was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Brian J. Grossman, CROWGEY & GROSSMAN, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendall Jones was convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, two counts of possession with intent to distribute fifty grams or more of cocaine base, and possession with intent to distribute less than 500 grams of cocaine powder. He was sentenced to 300 months in prison.[2] Jones now appeals, challenging his convictions on two grounds. We affirm.

Prior to trial, Jones' attorney filed a Motion to Produce Information and to Continue, seeking: (1) to obtain information about Government witness Michelle Campbell; and (2) a continuance so that he might have time to review such material. He stated that he had already received from the Government and reviewed the criminal records of Campbell and another witness in order to prepare for cross-examination. However, counsel expressed concern about Campbell's criminal record in New York, which included a 1987 robbery conviction and several bench warrants, the latest of which was issued in 1992 and vacated in 1993. Counsel believed that files related to

---

[2] Subsequent to Jones' sentencing, the district court granted his 18 U.S.C. § 3582(c)(2) (2006) motion and reduced his sentence to 240 months.

these New York matters might have some relevance to her credibility.

The district court denied the motion after argument. The court found that there was no factual or legal basis for the relief requested. Additionally, the court observed, "Everything stated by the defendant [in terms of what the files might reveal] is either speculative or conclusory."

On appeal, Jones argues that the district court improperly denied his motion. With respect to the request for information, the Due Process Clause requires the Government to disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. See Giglio v. United States, 405 U.S. 150, 153-55 (1972); Brady v. Maryland, 373 U.S. 83, 86-88 (1963). Evidence need only be disclosed, however, if it: (1) is favorable to the defendant; (2) was suppressed by the Government; and (3) is material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (internal citations and quotation marks omitted).

4

Mere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under Brady and Giglio. United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986); United States v. Navarro, 737 F.2d 625, 630-31 (7th Cir. 1984). Further, Brady does not require the Government "to gather information or conduct an investigation on the defendant's behalf." United States v. Tadros, 310 F.3d 999, 1005 (7th Cir. 2002).

Here, the district court properly denied Jones' request for information. Jones only speculated that information in Campbell's New York file would have produced exculpatory or impeaching evidence. Moreover, the evidence he sought by way of his motion was not material. There was overwhelming evidence against Jones, including the testimony of Campbell, which was to a great extent corroborated by Special Agent Baldwin's testimony. In light of this, there is not a reasonable possibility that the outcome of the proceeding would have been different had counsel had access to the records he sought.

We also conclude that the district court did not abuse its discretion in denying the requested continuance. See United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006) (stating standard of review). The sole reason for seeking the

5

continuance was to have time to review Campbell's New York files. Because Jones had no right to disclosure of that material, there was no need for the continuance.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED